SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**JAMES A. KILCUP, OSB #173891**
James.Kilcup@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-cr-00046-IM** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **FRANK ROBERT ANGEL,** | |
| **Defendant.** | |

## I. INTRODUCTION

On February 9, 2026, defendant was found in possession of a stolen 9mm Taurus GC3 handgun. The gun was loaded with 11 rounds. Defendant is a felon many times over. He has four felony convictions for delivery or manufacture of controlled substances and one felony conviction for attempted assault II. PSR ¶¶ 47, 49, 51-52.

On August 18, 2026, defendant pled guilty to Count 1 of the indictment pursuant to a plea agreement. As outlined in the government's motion for breach of plea agreement, dkt. 31, defendant violated the plea agreement by committing new criminal offenses between plea and sentencing.

As such, the government no longer recommends that the defendant receive a three-level reduction under USSG § 3E1.1.[1] This raises defendant's final offense level from 21 to 24, resulting in a guideline range of 63-78. The government recommends that the Court sentence defendant to a term of imprisonment in the middle of that range—70 months.

## II. FACTUAL BACKGROUND

Defendant has been engaged in dangerous criminal conduct, or been in prison, for the better part of the last three decades. Unfortunately, as defendant comes before the Court for sentencing, he has not shown that he has changed course.

Defendant's most significant criminal history took place between 2001 and 2006. PSR ¶¶ 46-52. During that time, defendant had three DCS convictions and one conviction for Attempted Assault II. The government did not charge defendant under 18 U.S.C. § 924(e)(1) in this case, but defendant's criminal history during that period qualifies him as an armed career criminal, which would subject him to a 15-year mandatory minimum sentence.

From 2006 to 2017, defendant was incarcerated with the Oregon Department of Corrections, where he developed a substantial record of violations. PSR ¶ 52.

From 2017 until 2024, there is no indication of criminal conduct by defendant. Defendant reports that during that time, he was able to maintain consistent employment. PSR ¶ 103.

However, at some point in 2024, defendant reports that he became unemployed and started actively using and selling drugs. PSR ¶ 104.

Defendant's report is consistent with what was learned about defendant during a government investigation in 2024 and 2025. Defendant was the subject of an investigation that

[1] If, however, the Court finds that defendant did not breach the plea agreement, the government recommends, consistent with the plea agreement, that defendant be sentenced to a term at the low end of the applicable guidelines range of 46-57 months' imprisonment.

began in 2024 for drug and firearms trafficking as well as money laundering. The investigation revealed significant evidence of defendant's participation in drug trafficking, as well as defendant possessing firearms. *See* Exhibit 1, at ¶ 83. The images of video surveillance below, collected by investigators, show defendant on May 23, 2024, with a firearm in his hand:



On September 10, 2024, multiple vehicles and residences associated with defendant were searched pursuant to a search warrant. The search did not turn up the quantities of drugs investigators had anticipated, but two firearms were seized, one of which was a Springfield Armory Hellcat 9mm, Serial #B4158979. *See* Exhibit 2. Ultimately, charges were not pursued against defendant at that time.

But after defendant was arrested for the instant offense in February 2026, investigators conducted DNA testing that confirmed that the defendant's DNA was on *both* the stolen 9mm Taurus GC3 seized in February 2026 and on the Springfield 9mm seized in September 2024.

Hopeful that defendant could return to the sobriety and the steady employment he had experienced between 2017 and 2023, and also mindful that defendant would be in the community on pretrial release pending any litigation over his case, the government offered

defendant a plea agreement. Under the terms of that plea agreement, he would plead guilty to one count of violating 18 U.S.C. § 922(g)(1), accept responsibility, and the government would in exchange recommend a two-level downward variance for early resolution and a sentence at the low end of the applicable range. As an additional benefit to defendant, the government agreed not to bring additional charges stemming from the 2024 investigation. PSR ¶ 4.

Following the change of plea hearing, the defendant breached the plea agreement by committing criminal offenses. *See* Dkt. 31. Defendant's post-plea criminal conduct was extremely dangerous to the community and it was done repeatedly. Most concerningly, the fact that defendant was under the influence of drugs, and found in arms' reach of fentanyl on one of the occasions, indicates that defendant has not taken this opportunity to change the trajectory he has been on for most of his life. Based on defendant's decisions, on multiple occasions, to commit new criminal offenses, the government is no longer required to recommend an adjustment for acceptance of responsibility.

Instead, the government recommends a sentence of 70 months, which stands in the mid-range of the applicable guidelines. The government recommends this sentence in light of the nature and circumstances of the offense and the history and characteristics of the defendant, in particular the defendant's recent pre-offense conduct in 2024, as well as defendant's post-plea conduct in September and October 2026. The government's recommended sentence reflects the seriousness of the offense and provides just punishment for the defendant's conduct. Given that defendant's criminal history entitles the government to pursue a 15-year mandatory minimum sentence, a term of 70 months is certainly not excessive.

///

///

A 70-month custodial sentence affords an adequate degree of deterrence to criminal conduct and provides the public protection from defendant's criminal conduct for an extended period.

The government also notes that it appears defendant showed significant progress in his life and sobriety from 2017-2023, after serving approximately 10 years in prison. The government recommends a 70-month sentence in hopes that it will similarly prepare defendant for successful reintegration into the community.

## III. GUIDELINES AND PSR

The PSR, which was prepared before the government moved for breach of the plea agreement, includes a three-level reduction for acceptance of responsibility under §3E1.1. The government believes that reduction should no longer apply. The government otherwise has no objection to the guideline calculation performed in the PSR, though it understands U.S. Probation may want to submit a revised PSR if the Court determines that defendant breached the plea agreement.

## IV. THE UNITED STATES' RECOMMENDED SENTENCE

The United States recommends a sentence within the applicable guidelines range. The chart below shows the United States' position, including its recommended variances:

| **Offense Level, Adjustments, Variances** | **Government's Position** |
|---|---|
| Base—USSG §2K2.1 | 24 (not contested)[2] |
| Adjustment for stolen firearm—USSG §2K2.1(b)(4) | +2 (not contested) |

[2] As noted by the PSR, the plea agreement mistakenly identified defendant's base offense level as 26, rather than 24. PSR ¶ 5 n.2. While the parties mistakenly referred to defendant's *base* offense level as 26, they intended confirm their agreement defendant's adjusted offense level, before applying adjustments for acceptance of responsibility and any variances, was 26 (24 per USSG 2K2.1(a)(2) + 2 for stolen firearm per USSG 2K2.1(b)(4) = 26).

| | |
|---|---|
| ~~Adjustment for acceptance of responsibility—USSG §3E1.1~~ | ~~-3~~ |
| **Total Offense Level** | **26** |
| Variance—18 U.S.C. § 3553(a) for early resolution | -2 |
| **Post-Variance Offense Level** | **24** |
| **Resulting Guideline Range** | **70 months (mid-range 63-78)** |

## V. CONCLUSION

Based on the foregoing, the government recommend that this Court impose a sentence of 70 months, at the middle of the guideline range of 63-78 months, to be followed by a three-year term of supervised release subject to the conditions of supervisions recommended in the PSR.

Dated: November 4, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ James A. Kilcup*
JAMES A. KILCUP, OSB #173891
Assistant United States Attorney